AO 254B (REV. 06/05) Judgment in a Criminal Case
Sheet 1

# United States District Court
## Western District Of Oklahoma

SEP 2 0 2007

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | CASE NUMBER: CR-07-00004-001-HE |
| | USM NUMBER: 16512-064 |
| MICHAEL PATRICK DOWNES | |
| | Robert L. Wyatt, IV, Esq. and William S. Price, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pled guilty to count <u>one (1) of a one (1) count information filed January 8, 2007</u>.

☐ pled nolo contendere to count(s) _____, which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offenses Ended | Count |
|---|---|---|---|
| 18 U.S.C. §2252A(a)(5)(B) | Possession of Child Pornography | April 7, 2005 | 1 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____.

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

☒ It is ordered the defendant shall pay a special assessment of $100.00 for count one (1) for a total of $100.00, which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

May 24, 2007
Date of Imposition of Judgment

*Signature of Judicial Officer*

JOE HEATON
UNITED STATES DISTRICT JUDGE
Name and Title of Judicial Officer

5/25/07
Date Signed

AO 245B (Rev. 06/05) Judgement in a Criminal Case:
Sheet 2 - Imprisonment

Judgment— Page __2__ of __4__

DEFENDANT: DOWNES, MICHAEL PATRICK
CASE NUMBER: CR-07-00004-001-HE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **fourteen (14) months**.

The court makes the following recommendation to the Bureau of Prisons:

☒ That the defendant participate in a Sex Offender Treatment Program while incarcerated by the Bureau of Prisons. Apart from the placement necessary to permit participation in that program, it is recommended that the defendant, if eligible, be assigned to the Federal Medical Center at Forth Worth, Texas.

☒ That the defendant participate in the Inmate Financial Responsibility Program at a rate determined by Bureau of Prisons staff in accordance with the requirements of the Inmate Financial Responsibility program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ by __12:00 noon__ on _____.
    ☐ as notified by the United States marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ by 12:00 noon on June 15, 2007. If designation has not been made, the defendant is to surrender to the United States Marshal for this district.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on __6/15/07__ to __FCI Fort Worth__ __TX__ at _____, with a certified copy of this judgment.

_Rebecca James   Warden_
United States Marshal

By _____
Deputy Marshal

AO 245B (Rev. 06/05) Judgment in a Criminal Case:
Sheet 3 - Supervised Release

DEFENDANT: DOWNES, MICHAEL PATRICK
CASE NUMBER: CR-07-00004-001-HE

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **two (2) years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant must not unlawfully possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☒ The drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☒ The defendant must not possess a firearm, ammunition, destructive device, or other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA, as directed by the probation officer. (Check, if applicable.)

☒ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved rehabilitation program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay it in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptance reasons;
6) the defendant shall notify the probation officer within 10 days of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Judgment in a Criminal Case:
Sheet 3A — Supervised Release

Judgment—Page __4__ of __4__

DEFENDANT: DOWNES, MICHAEL PATRICK
CASE NUMBER: CR-07-00004-001-HE

## ADDITIONAL SUPERVISED RELEASE TERMS

☒ The defendant shall complete 208 hours of community service, within the first year of supervised release, as directed by the probation officer.

☒ The defendant shall submit to a sex offender mental health assessment and a program of sex offender mental health treatment as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. This assessment and treatment may include a polygraph to assist in planning and case monitoring. The defendant may be required to contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of supervision.

☒ The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the supervising probation officer and to authorize open communication between the probation officer and the treatment provider.

☒ The defendant shall not possess any material that depicts adults and/or minors engaged in sexually explicit conduct, as defined by 18 U.S.C. 2256(2). The defendant shall not enter any establishment where material depicting sexually explicit conduct can be obtained or viewed.

☒ If required to register under the Sex Offender Registration and Notification Act, submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or date storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

☒ The defendant shall not use a computer to access any on-line computer service at any location (including employment) for the purpose of viewing, obtaining or transmitting child pornography or other sexually explicit material. The defendant shall not access Internet chat rooms for the purpose of obtaining child pornography or enticing children under the age of 18 to engage in sexually explicit activity.

☒ The defendant shall consent to third party disclosure to any employer or potential employer concerning computer-related restrictions.

☒ The defendant shall consent to the U. S. Probation Officer conducting periodic unannounced examinations, without individual showing of reasonable suspicion, on any computer equipment used by the defendant. The examination my include assistance of other law enforcement agencies. This may include retrieval and copying of all data from the computer and any internal or external peripherals to ensure compliance with his conditions and/or removal of such equipment for the purpose of conducting a more thorough inspection, and allow at the direction of the probation officer, installation on the defendant's computer, at the defendant's expense per co-payment policy, any hardware or software systems to monitor the defendant's computer use. The defendant shall comply with a Computer Monitoring and Acceptable Use Contract, which includes a requirement that the defendant use a computer compatible with available monitoring systems. The defendant shall have no expectation of privacy regarding computer use or information stored on the computer. The defendant shall warn any other significant third parties that the computer(s) may be subject to monitoring. Any attempt to circumvent monitoring and examination may be grounds for revocation.

☒ The defendant shall advise the Probation Officer, in writing, of the location of any computers that he uses for any purpose other then routine training of others, such as would be involved with his present employer.